IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TOMAS AQUINO ESPINAL-DOMINGUEZ<br>Plaintiff<br><br>vs<br><br>COMMONWEALTH OF PUERTO RICO<br>NATURAL RESOURCES DEPARTMENT<br>HON. SALVADOR SALAS-QUINTANA<br>SECRETARY JESUS CARDONA<br>ROJIANNI SALLES-O'FARRILL<br>MANUEL RIVERA<br>and DANIEL GALAN-KERKADO<br>Defendants | CIVIL 02-2814CCC |

# O R D E R

Before the Court are the Motion for Attorney's Fees filed by defendants Department of Natural Resources, Jesús Cardona, Rojeanni Salles-O'Farril, Manuel Riviera and Daniel Galán-Kerkado on June 1, 2005 (**docket entry 101**) and the Motion for Attorney's Fees filed by defendants Commonwealth of Puerto Rico, Hon. Salvador Salas-Quintana, Jesús Cardona, Rojeanne Salles-O'Farril and Manuel Rivera on June 2, 2005 (**docket entry 104**), as well as the response filed by plaintiff Tomás A. Espinal-Domínguez on June 15, 2005 (**docket entry 106**).

"A district court may in its discretion award attorney's fees to a prevailing defendant ... upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Tang v. State of R.I. Dept. of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694 (1978). See also Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173 (1980) (applying said standard to actions brought under 42 U.S.C. § 1983, as to which fees are awarded under 42 U.S.C. §1988). Courts must assess the claim at the time the complaint was filed, Tang, supra, and should resist "the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421-22, 98 S.Ct. at 700-01. "The standard for a civil rights defendant to receive fees is high to encourage

CIVIL 02-2814CCC                                                2

legitimate civil rights claims." <u>Ward v. Hickey</u>, 996 F.2d 448, 455 (1st Cir. 1993). Not surprisingly, it has been noted that "decisions to grant defendants their fees are, and should be, rare." <u>Tang</u>, 163 F.3d at 13.

  The Court dismissed plaintiff's complaint only after a detailed consideration of his claims. <u>See</u> Opinion and Order (docket entry 92). The dismissal was in no small part a consequence of his failure to comply with procedural requirements established by the Local Rules to regulate the summary judgment motion practice. <u>See</u> Order dated December 4, 2004 (docket entry 88). "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by <u>Christianburg</u>." <u>Hughes</u>, 449 U.S. 5, 16, 101 S.Ct. 173, 179. Defendants have simply failed to persuade us that plaintiff's action was frivolous, unreasonable, or without foundation. And even if they had, in the exercise of our discretion we would deny their requests. <u>See</u> <u>Tang</u>, 163 F.3d at 15 ("finding of frivolity . . . a necessary prerequisite. Notwithstanding such a finding, the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case.") Accordingly, their motions for attorney's fees (**docket entries 101 & 104**) are DENIED.

  SO ORDERED.

  At San Juan, Puerto Rico, on January 24, 2006.

                     S/CARMEN CONSUELO CEREZO
                     United States District Judge